J-S08006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LATOYA NICOLE HALL | : | |
| | : | |
| Appellant | : | No. 1356 MDA 2023 |

Appeal from the Judgment of Sentence Entered December 21, 2021
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000966-2021

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED: MARCH 27, 2024**

Appellant, Latoya Nicole Hall, appeals from the judgment of sentence entered on December 21, 2021, following her guilty plea to risking catastrophe and one consolidated count each of arson and false imprisonment.[1] Counsel for Appellant has filed an **Anders**[2] brief and petition to withdraw as counsel. We affirm the judgment of sentence and grant the petition to withdraw.

The trial court briefly summarized the facts and procedural history of this case as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3301(a)(1) (arson – danger of death or bodily injury), 2903(c) (false imprisonment of a minor), and 3302(b) (risking catastrophe). Appellant also pled guilty to an unrelated count of retail theft.

[2] **Anders v. California**, 386 U.S. 738 (1967); **see also Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

[On March 18, 2021, Appellant] was charged with four counts of arson endangering persons, five counts of criminal attempt homicide, four counts of aggravated assault, four counts of false imprisonment, one count of arson endangering property of another, and one count of risking a catastrophe as a result of barricading herself and her minor children in [the] bedroom of her second-floor apartment and setting her bedroom curtains on fire. On September 3, 2021, [Appellant] entered a guilty plea to a consolidated count of arson endangering persons encompassing counts [one] through [four], a consolidated count of false imprisonment encompassing counts 14 through 17, and [c]ount 19, risking catastrophe. In exchange for the guilty plea, the Commonwealth agreed to a minimum sentence of [seven] years [of incarceration] and a maximum sentence of 25 years[ of] incarceration [] and dismissal of the remaining charges. On December 21, 2021, the court sentenced [Appellant] to [four] to 15 years for arson, a consecutive [two] to [five] years for false imprisonment, and a consecutive [one] to [five] years for risking catastrophe for an aggregate sentence of [seven] to 25 years' incarceration in accordance with the plea agreement. Plea counsel did not file post sentence motions or an appeal on behalf of [Appellant].

On or about December 19, 2022, [Appellant] filed a Post Conviction Relief Act[3] (PCRA) petition in which she asserted that counsel was ineffective for failing to file a request for a competency evaluation, stating that the charge of risking catastrophe would be dismissed, and refusing to appeal after her request in writing to do so. She also alleged that the court abused its discretion by sentencing her to a maximum sentence of 15 years for arson, running her sentences consecutive to each other and failing to consider her mental health issues.

The court appointed counsel to represent Appellant.

\* \* \*

On June 22, 2023, PCRA counsel filed an amended PCRA petition in which he asserted that counsel was ineffective for failing to file a requested appeal, and that to effectuate such an appeal and have the issues properly preserved for appeal, the court should grant the right to file a post sentence motion *nunc pro tunc*.

---

3   42 Pa.C.S.A. §§ 9541-9546.

On August 11, 2023, the Commonwealth agreed that [Appellant's] post sentence and appeal rights should be reinstated *nunc pro tunc*. The court granted [Appellant's] PCRA petition with respect to the failure to file a requested appeal and gave PCRA counsel 10 days within which to file a post sentence motion *nunc pro tunc*.

On August 17, 2023, [Appellant's] counsel filed [] a [*n*]unc [*p*]ro [*t*]unc [p]ost[-s]entence [m]otion for [r]econsideration of [s]entence, in which it was asserted that the court imposed a manifestly unreasonable and excessive sentence without a sufficient statement of reasons and without considering the individual factors relating to [Appellant].

At the argument scheduled on this matter, PCRA counsel indicated that [] he was going to rely on the assertions in his motion. He acknowledged that the sentence imposed was in accordance with the plea agreement and, as a result, he would likely be required to file an ***Anders*** brief on appeal. With that acknowledgement, the Commonwealth did not have any argument.

Trial Court Opinion, 9/13/2023, at 1-3. The trial court denied Appellant's motion for reconsideration by opinion and order entered on September 13, 2023. This timely appeal resulted.[4]

On December 21, 2023, counsel for Appellant filed a petition seeking to withdraw from representation of Appellant with this Court. Petition to Withdraw, 12/21/2023. Preliminarily, we must address counsel's petition to withdraw. ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted) ("When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request

---

[4] Appellant filed a timely notice of appeal on September 27, 2023. On October 18, 2023, Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On November 28, 2023, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) which relied upon its earlier decision filed on September 13, 2023.

to withdraw.").  In order to withdraw pursuant to **Anders**, "counsel must file a brief that meets the requirements established by our Supreme Court in [**Santiago**, **supra**]." **Commonwealth v. Harden**, 103 A.3d 107, 110 (Pa. Super. 2014) (parallel citation omitted).  Specifically, counsel's **Anders** brief must comply with the following requisites:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, [and] statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** (citation omitted).

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the **Anders** brief to his [or her] client." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted).  The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Id.**  "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an

- 4 -

independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation and internal quotation marks omitted).

Instantly, counsel for Appellant has satisfied the technical and procedural requirements **Anders** and **Santiago**.  In his **Anders** brief, counsel identified the pertinent factual and procedural history and made citation to the record.  Counsel raises a sole issue challenging Appellant's judgment of sentence that could arguably support an appeal, but ultimately, counsel concludes that the appeal is wholly frivolous.  **See Anders** Brief at 15.  On January 10, 2024, this Court entered an order directing counsel to file a letter that properly advised Appellant of his immediate right to proceed *pro se* or privately retain counsel.  **See Commonwealth v. Muzzy**, 141 A.3d 509 (Pa. Super. 2016) (clarifying that counsel's letter to client shall inform her that upon counsel's filing of a petition to withdraw, the client has the *immediate* right to proceed *pro se* or through privately retained counsel) (emphasis added).  On January 22, 2024, counsel filed a response to this Court which included a copy of a new letter to Appellant in compliance with our decision in **Muzzy**.  Moreover, both the **Anders** brief and the petition to withdraw contain proof of service to Appellant.  Appellant has not filed a response to counsel's letter, the **Anders** brief, or the petition to withdraw.  Accordingly, we proceed to conduct an independent review of the record to determine whether the appeal is wholly frivolous.

In the **Anders** brief, counsel raises the following issue for our review:

A. The [trial court] erred in failing to grant [Appellant's] motion for reconsideration of sentence filed August 17, 2023 and in failing to impose a lesser sentence due to the sentencing court's imposition of a manifestly unreasonable and excessive sentence imposed without proper consideration of the individual sentencing factors relevant to [Appellant].

***Anders*** Brief at 4 (superfluous capitalization omitted).

"Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." ***Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). When criminal charges have been resolved through entry of a guilty plea, this Court will "allow an appeal only as to those discretionary aspects of sentencing which have not been agreed upon during the negotiation process." ***Commonwealth v. Dalberto***, 648 A.2d 16, 21 (Pa. Super. 1994). "[I]n a 'negotiated' plea agreement, where a sentence of specific duration has been made part of a plea bargain, it would clearly make a sham of the negotiated plea process for courts to allow defendants to later challenge their sentence; this would, in effect, give defendants a second bite at the sentencing process." ***Id.*** (citation omitted); ***see also Morrison***, **supra** ("If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining,

and would make a sham of the negotiated plea process.") (citation omitted). For these reasons, we are required to dismiss an appeal challenging the discretionary aspects of sentence where the defendant pled guilty to a negotiated sentence. *See Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991). At the plea hearing, the trial court noted "there is a plea agreement for Appellant] to receive a [seven] to 25[-]year sentence [of imprisonment] with credit for time-served from the night of this offense and that any sentence on the retail theft [offense] would run completely concurrent." N.T., 9/3/2021, at 4. After colloquy, the trial court accepted Appellant's plea, but deferred sentencing. *Id.* at 15. At sentencing, the trial court stated it was "willing to go along with the plea agreement." N.T., 12/21/2021, at 11. The trial court then sentenced Appellant to "an aggregate sentence[,] the minimum of which shall be [seven] years and the maximum of which shall be 25 years" of imprisonment. *Id.* at 14. The trial court also imposed a concurrent term of one to two years of imprisonment for retail theft. *Id.* at 15. As such, Appellant received a total aggregate sentence of seven to 25 years of imprisonment. This sentence completely aligned with Appellant's promised, negotiated plea agreement. We are therefore unable to entertain any challenge to the discretionary aspects of Appellant's sentence; hence, the challenge identified in counsel's *Anders* brief is entirely frivolous.

Accordingly, upon our review of the record, we conclude that it supports counsel's assessment that Appellant's appeal is wholly frivolous. Moreover, our independent review of the record reveals no additional, non-frivolous

claims. Therefore, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/27/2024